### (January 26, 1976)

■ In the Matter of ROBERT W. KANE, an Attorney.—Attorney Robert W. Kane, who was admitted to the Bar by this court on March 31, 1954 under the name of Robert William Kane, has submitted an affidavit dated November 17, 1975 in which he tenders his resignation as an attorney and counselor at law (see rules of this court, 22 NYCRR 691.9). Mr. Kane acknowledged that he is the subject of an investigation by the Joint Bar Association Grievance Committee for the Ninth Judicial District and that it is alleged that, while acting as attorney for an executrix, he converted $12,500 of estate funds. He further acknowledges that if a disciplinary proceeding were commenced against him upon the afore-mentioned charge, he could not successfully defend himself on the merits. In mitigation, Mr. Kane states that his physical and mental condition has undergone a progressive deterioration, owing to the effects of Parkinson's Disease, from which he has been suffering since 1962. In his affidavit, Mr. Kane acknowledges that his resignation "is made voluntarily, without coercion or duress of any kind." Under the circumstances, respondent's resignation as a member of the Bar is accepted and directed to be filed; and it is ordered that his name be struck from the roll of attorneys and counselors at law, effective immediately. Gulotta, P. J., Hopkins, Martuscello, Latham and Cohalan, JJ., concur.

■ ALAN INVESTORS CORP. et al., Appellants, v DEVENCO INCORPORATED, Respondent.—In an action for rent, plaintiffs appeal from (1) an order of the Supreme Court, Nassau County, dated July 9, 1975, which (a) granted defendant's motion for summary judgment and (b) directed defendant to retender to plaintiffs its check in the amount of $18,000, pursuant to a cancellation penalty contained in the lease, and (2) the judgment entered thereon on July 17, 1975. Judgment and order reversed, on the law, with $50 costs and disbursements, and motion denied. The documents in this case present a question of fact as to whether the new agreement was intended to incorporate the right to cancel which was contained in the original lease. Hopkins, Acting P. J., Martuscello, Cohalan, Rabin and Shapiro, JJ., concur.